UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.3:11-CR-00003-1 |
| v. | ) | JUDGE TRAUGER |
| | ) | |
| | ) | |
| JAMES R. SMITH | ) | |
| | ) | |
| Defendant. | ) | |

## CONSENT ORDER OF FORFEITURE CONSISTING OF A $50,000.00 UNITED STATES CURRENCY MONEY JUDGMENT

IT IS HEREBY ORDERED THAT:

1. As the result of the Court's acceptance of the Defendant James R. Smith's guilty plea to the lesser included offense in Count Two of the Indictment and the Plea Agreement entered into between the Government and Defendant wherein Defendant James R. Smith has agreed to forfeit, pursuant to 21 U.S.C. § 853, $50,000.00 United States currency, Defendant James R. Smith shall forfeit to the United States his interest in $50,000.00 United States currency in the form of a Consent Order of Forfeiture Consisting of a $50,000.00 Money Judgment and substitute assets if such Money Judgment is not paid prior to the date of sentencing in this matter, which is currently scheduled for December 10, 2012, in certified funds payable to the United States Marshals Service Asset Forfeiture. Said $50,000.00 United States currency is proceeds from the offense of which Defendant was convicted.

2. The Court has determined, based on relevant and reliable evidence, including evidence already in the record, the written Plea Petition and Plea Agreement dated July 27, 2012 entered herein between the United States and Defendant James R. Smith and any additional evidence or information submitted by the parties, including the factual basis agreed to by the United States and Defendant at page four, paragraph 8 and related paragraphs 19 through 22 of the Plea Agreement, and the facts set forth at the plea colloquy on July 27, 2012 that $50,000.00 is subject to forfeiture pursuant to 21 U.S.C. § 853, and that the United States has established the requisite nexus between the currency and the offense of conviction.

3. Upon the entry of this Order, the Attorney General (or his designee) is authorized to seize the Subject Property and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture in accordance with Fed. R. Crim. P. 32.2 (b)(3).

4. Pursuant to 21 U.S.C. § 853, Defendant shall forfeit to the United States the sum of $50,000.00 United States currency and, by virtue of this Order, a personal Money Judgment in that amount shall enter against the defendant. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Consent Order of Forfeiture consisting of a Money Judgment in the amount of $50,000.00 United States currency shall become final as to Defendant at the time of sentencing, or before sentencing if Defendant consents, and shall be made part of the sentence and included in the Judgment. Pursuant to Rule 32.2(c)(1) "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

5. The Money Judgment in the amount of $50,000 United States currency shall be satisfied pursuant to the Plea Agreement entered into between the Defendant James R. Smith and the United States prior to the date of sentencing in this matter, which is currently scheduled for December 10, 2012, in certified funds payable to the United States Marshals Service Asset

Forfeiture. In the event the time for payment pursuant to the above schedule has expired without the payments as agreed, the United States may move at any time, pursuant to Rule 32.2(e)(1)(B), to amend the Consent Order of Forfeiture to forfeit specific property of the Defendant, having a value up to the amount of any remaining Money Judgment, as substitute assets pursuant to Rule 32.2(e) to satisfy the Money Judgment in whole or in part.

6. Further, in the event this Money Judgment against Defendant James R. Smith is not paid in full as set forth above, this Money Judgment shall be recorded in the records of the County Clerk's Office in the county of Defendant's residence and any and all other counties in which Defendant has either real or personal property as a lien thereon in the amount of any remaining unpaid balance on the $50,000.00 Money Judgment plus interest at the current legal rate computed daily and compounded annually until paid in full, as determined by the United States; and

7. Upon the payment of the Money Judgment in full, that the United States shall file a Satisfaction of Judgment with the District Court and the appropriate Clerk of the County in which any transcript or abstract of the judgment has been filed; and

8. This Order is in continuing and full effect until payment of the $50,000.00 is made in full.

9. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED this  10th  day of  December , 2012.

*[signature]*
JUDGE TRAUGER
UNITED STATES DISTRICT JUDGE

Approved for Entry:

*[signature: James R. Smith]*
James R. Smith or his counsel
Peter J. Strianse          *[signature: Peter J. Strianse]*   12/10/12
Tune, Entrekin & White
AmSouth Center
315 Deaderick Street
Suite 1700
Nashville, TN 37238

*[signature]*
Blanche B. Cook
Assistant United States Attorney

4